IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KENDALL BRYCE WALSH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:06CV331** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNION PACIFIC RAILROAD COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

    This matter is before the court on the plaintiff's Motion to Strike Defendant's Second Supplemental Designation of Expert Witnesses (Filing No. 62). The plaintiff attached several exhibits to the motion.[1] The defendant filed a brief (Filing No. 63) and an index of evidence (Filing No. 64) in opposition to the motion. The plaintiff did not file a reply.

    The plaintiff seeks to strike the defendant's supplemental Rule 26(a)(2)(B) expert report to the extent new opinions were given by the previously disclosed expert witness John M. Janzen, a vocational rehabilitation expert. The plaintiff took the telephone deposition of Dr. Janzen on June 1, 2007. The defendant supplemented the expert disclosures on June 6, 2007, based on a June 1, 2007 report from Dr. Janzen. **See** Filing No. 61 - Notice of Service. Accordingly, the plaintiff contends the supplemental disclosure was served after the deposition precluding the plaintiff from questioning the witness during a deposition about the topic of the disclosure.

    The defendant states the supplemental disclosure occurred subsequent to a trial preparation discussion between counsel and Dr. Janzen after the June 1, 2007 deposition. The defendant contends the supplemental one-page letter about later research on resources for autistic children in Omaha, Nebraska, was necessary to prepare counsel for the parties' mediation session and upcoming trial. **See** Filing No. 62, Exhibit 3 - Dr. Janzen 6/1/2007 report. Counsel for the defendant represents he did not discuss the issue with

---

[1] The court reminds counsel for the plaintiff that filings should comply with the local rules, which specifically require a supporting brief when substantive issues of law are raised and for any evidence to be filed as part of an index and separate from a motion. **See** NECivR 7.1(a)(1)(A) and 7.1(a)(2).

Dr. Janzen before the deposition.  The defendant represents the supplemental report did not exist prior to the deposition and was received by counsel for the defendant on June 5, 2007.  The defendant agrees to make Dr. Janzen available for deposition on this topic prior to trial.

"A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use the evidence at a trial."  Fed. R. Civ. P. 37(c)(1).  "Substantial justification" exists where there is an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.  Charles A. Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 2288 (2d ed. 1994).  Although the plaintiff seeks to strike Dr. Janzen's supplemental disclosure for its disclosure after the deposition, the plaintiff notes no deficiency in the disclosure which was clearly required by both Rule 26(a)(2)(A) and Rule 26(e).  Further, there is ample time for the parties to reconvene the telephonic deposition regarding the limited additional opinions of Dr. Janzen prior to trial in this matter.  The court finds the defendant had substantial justification for the late disclosure, which is practically harmless to the plaintiff.  Therefore, the court finds the plaintiff has failed to sustain his burden of showing the motion to strike is warranted under the circumstances presented here.  Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Strike Defendant's Second Supplemental Designation of Expert Witnesses (Filing No. 62) is denied.  However, to the extent Dr. Janzen's deposition is reconvened, it will be at the expense of the defendant.

DATED this 3rd day of July, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge