IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENDALL BRYCE WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV331 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion in Limine (Filing No. 79) and the defendant's Motion in Limine (Filing No. 76).

Evidence is excluded on a motion *in limine* "only when evidence is clearly inadmissible on all potential grounds." **Hawthorne Partners v. AT & T Tech., Inc.**, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The **Hawthorne Partners** court continued:

> This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. . . . Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.

**Hawthorne Partners**, 831 F. Supp. at 1400-1401 (citations omitted). Furthermore, the Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions *in limine* are preliminary and may change depending on what actually happens at trial." **Walzer v. St. Joseph State Hosp.**, 231 F.3d 1108, 1113 (8th Cir. 2000) (**citing Luce v. United States**, 469 U.S. 38, 41 (1984)). Finally, the **Hawthorne Partners** court noted: "[t]he court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." **Hawthorne Partners**, 831 F. Supp. at 1401.

**1.     The Plaintiff's Motion in Limine**

The plaintiff's seeks to exclude any evidence regarding any job offers or openings which would have required him to relocate from his present geographical area. **See** Filing No. 79. The plaintiff filed a brief (Filing No. 80) in support of the motion. The plaintiff contends the information is not relevant to the issue of mitigation of damages because the plaintiff is only required to take "reasonable steps" to mitigate his damages. **See *Coleman v. City of Omaha***, 714 F.2d 804 (8th Cir. 1983). The defendant filed a brief (Filing No. 84) in opposition to the plaintiff's motion. The defendant contends the information about out-of-town jobs is relevant because mitigation evidence may include evidence the plaintiff was not acting reasonably by failing to respond to job openings or vocational rehabilitation. **See *Wagner v. Union Pac. R.R.***, 642 N.W.2d 821 (Neb. App. 2002); **see also *Niemiec v. Union Pac. R.R.***, 449 F.3d 854 (8th Cir. 2006). Additionally, the defendant contends the plaintiff frequently worked out-of-town for his previous job with the defendant and the plaintiff sought a position with the defendant outside the plaintiff's present geographical area.

The plaintiff fails to show the evidence of job offers or openings that would require the plaintiff to relocate from his home town is clearly inadmissible on all potential grounds. As to such testimony, the court will entertain objections on the topic as they arise at trial. Therefore, the plaintiff's motion will be denied, without prejudice, with regard to such evidence.

**2.     The Defendant's Motion in Limine**

The defendant's motion in limine seeks to exclude fifteen categories of information. **See** Filing No. 76. The defendant filed a brief (Filing No. 77) in support of the motion. The plaintiff filed a brief (Filing No. 85), with exhibits attached, in opposition to the motion in limine.[1] The plaintiff does not oppose exclusion of many of the categories of information the defendant seeks to exclude. Therefore, the court will grant the defendant's motion with

---

[1] The plaintiff offered an additional exhibit during the pretrial conference to be considered in opposition to the defendant's motion in limine. The exhibit was also attached to the plaintiff's brief.

regard to the uncontested issues, particularly category numbers 1, 3-5, 7, 9, 11-14 from the defendant's motion. The remaining categories are discussed below.

### A. References to FELA as the Plaintiff's Sole Remedy

The defendant seeks to exclude references to FELA as the plaintiff's sole remedy and/or comments the plaintiff is not eligible for worker's compensation benefits. The plaintiff argues such information should be allowed as there is disagreement among the lower courts on this issue. Additionally, the plaintiff argues it would be natural for the jury to wonder whether the plaintiff would receive worker's compensation benefits. Counsel for the plaintiff states he is an experienced trial counsel in these types of cases and is aware of the appropriate standards. However, the plaintiff fails to cite to any published opinions in support of his position. The court agrees with the reasoning in ***Stillman v. Norfolk & Western Ry. Co.***, 811 F.2d 834, 838 (4th Cir. 1987). The plaintiff's eligibility for workmen's compensation or ability to file claims under alternative theories of recovery is irrelevant to the factual issues in dispute for the jury. ***Id.***; **see Toth v. Grand Trunk R.R.**, 306 F.3d 335, 353-55 (6th Cir. 2002). Additionally, such information may be used improperly by the jury causing the defendant undue prejudice. Accordingly, the defendant's motion in limine should be granted.

### B. Unsafe Conditions

The defendant seeks to exclude evidence of unsafe conditions "not related to this action" as irrelevant. The plaintiff agrees to such an exclusion. However, the defendant additionally seeks to exclude evidence of unsafe conditions involving incidents similar to the plaintiff's incident. The plaintiff contends incidents involving similar unsafe conditions are relevant to the issues of the defendant's notice and the reasonableness of the defendant's conduct. The plaintiff argues such information would not unduly prejudice the defendant. The defendant fails to show the evidence of incidents involving similar unsafe conditions is clearly inadmissible on all potential grounds. As to such testimony, the court will entertain objections on the topic as they arise at trial. Therefore, the defendant's motion will be denied, without prejudice, with regard to such evidence.

### C.  Medical Bills

The defendant seeks to exclude any evidence of medical bills paid by the defendant. The defendant argues such evidence if presented may lead to double recovery for the plaintiff. The plaintiff contends such evidence is relevant to the amount of the set off between what had been paid and what a jury would award, the nature of the injuries sustained and to future medical liability. The plaintiff agrees that he is not entitled to double recovery and does not seek double payment. The defendant fails to show the evidence of medical bills already paid by the defendant is clearly inadmissible on all potential grounds. Therefore, the defendant's motion will be denied with regard to such evidence.

### D.  Financial Condition

The defendant seeks to exclude evidence of the defendant's financial condition, wealth, ability to pay a judgment or size. The plaintiff agrees to refrain from making such references about the relative disparity of the parties' financial conditions or for purposes of punitive damages. However, the plaintiff contends evidence related to the defendant's "wealth of experience" is relevant to the defendant's knowledge of dangerous conditions and the foreseeability of certain injuries or accidents. Since the defendant's motion does not seek to limit the plaintiff's use of the defendant's wealth of experience, the motion is granted.

### E.  Subsequent Modifications

The defendant seeks to preclude the plaintiff from offering evidence of modifications to the defendant's procedure for stacking concrete ties after the plaintiff's injury. Specifically, there is evidence the defendant used what is referred to as "dunnage" made of wood and other material laid across the concrete ties so that the next level of ties would rest evenly and be more sturdy. The evidence shows the defendant used dunnage before the plaintiff's injury, but not on the occasion of the plaintiff's injury. However, after the plaintiff's injury the defendant may have made the practice mandatory.

The defendant fails to show the evidence of the use of dunnage is clearly inadmissible on all potential grounds. The evidence of the customs or practices at the time

of, or prior to, the plaintiff's injury would be relevant. However, any evidence that the defendant changed its policy or practices as a result of the plaintiff's injury would be unduly prejudicial. As to such testimony, the court will entertain objections on the topic as they arise at trial. Therefore, the defendant's motion will be denied, without prejudice, with regard to such evidence.

**IT IS ORDERED**:

1. The plaintiff's Motion in Limine (Filing No. 79) is denied, without prejudice subject to appropriate objections at the trial.

2. The defendant's Motion in Limine (Filing No. 76) is granted in part and denied in part.

    a. The defendant's motion is denied with regard to the medical bills previously paid (category number 8) by the defendant.

    b. The defendant's motion is denied, without prejudiced, with regard to unsafe conditions (category number 6) and the use of dunnage (category number 15).

    c. The defendant's motion is granted in all other respects (category numbers 1-5, 7, 9-14.

DATED this 1st day of August, 2007.

                                BY THE COURT:

                                s/Thomas D. Thalken
                                United States Magistrate Judge