**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| KENDALL BRYCE WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV331 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter before the court on the defendant's Motion for New Trial (Filing No. 116). The defendant filed a brief (Filing No. 117) in support of the motion. The plaintiffs filed a brief (Filing No. 120) in opposition to the defendant's motion. The plaintiff, Kendal Bryce Walsh, filed the instant lawsuit against the defendant, Union Pacific Railroad Company, on April 26, 2006, in the U.S. District Court of Nebraska. The plaintiff filed a complaint, asserting claims under the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60, *et seq* from injuries he sustained while working on the job on July 15, 2005. **See** Filing No. 1. The undersigned magistrate judge held a jury trial on the plaintiff's claims August 6-10, 2007.[1] On August 14, 2007, the jury returned a verdict in favor of the plaintiff awarding him $2,800,000 in damages. **See** Filing No. 115. The jury found the plaintiff was two percent contributorily negligent. *Id*. Accordingly, judgement was entered in the amount of $2,744,000 in favor of the plaintiff. *Id*. The defendant now seeks a new trial on six bases:

> (1) prejudicial error that occurred at the time of the plaintiff's closing argument, including a "per diem" argument and an argument to the jury that the character of the defendant was at issue;
> (2) the court erred in giving jury instruction No. 20 which failed to instruct the jury to reduce any non-economic damages to present value;
> (3) the court erred in failing to give the defendant's requested instruction in regard to forseeability of harm;

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge and, on August 22, 2007, the case was transferred to the undersigned magistrate judge by United States District Judge Joseph F. Bataillon, pursuant to 28 U.S.C. § 636(c). **See** Filing No. 8.

>    (4) the court erred in giving jury instruction No. 12 including the language "no matter how small";
>    (5) the court erred in failing to give the defendant's requested instruction in regard to a quotient verdict; and
>    (6) prejudicial error resulted in overruling the defendant's motion in limine and allowing evidence of subsequent remedial measures.

**See** Filing No. 116.

## ANALYSIS

Under Federal Rule of Civil Procedure 59, the trial court has broad discretion in determining whether to grant or deny a motion for a new trial on the ground error has affected the substantial rights of a party. ***Williams v. City of Kansas City, Mo.***, 223 F.3d 749, 755 (8th Cir. 2000). Under Federal Rule of Civil Procedure 59,

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. . . .

Fed. R. Civ. P. 59(a). The court will review below each of the defendant's contentions for a new trial.

**A.    Plaintiff's Closing Argument**

The defendant claims prejudicial error occurred at the time of the plaintiff's closing argument, including a "per diem" argument regarding the computation of damages and an argument to the jury the defendant's character was at issue. **See** Filing No. 117. The defendant cites ***Vanskike v. ACF Indus.***, 665 F.2d 188, 211 (8th Cir.1981), **cert. denied**, 455 U.S. 1000 (1982), for the proposition the Eighth Circuit has not disapproved of per diem closing arguments, provided the arguments are "carefully controlled" by the court. The defendant argues the court's failure to sustain the defendant's objection to the plaintiff's per diem argument and grant the defendant's motion for a mistrial prejudiced the defendant. **See** Filing No. 117 p. 2. The plaintiff argues the defendant's argument is without merit because the defendant did not request a cautionary instruction during closing

argument or thereafter. **See** Filing No. 120 p. 1. "When statements in a closing argument are not objected to at trial, we may only review them on a plain error standard." ***Thomure v. Truck Ins. Exch.***, 781 F.2d 141, 143 (8th Cir.1986). Without an objection on the record, "[w]e may reverse only in extraordinary situations, [when] the error is so prejudicial as to cause a miscarriage of justice." *Id*. The court holds this is not a case that requires a new trial under this standard. During closing arguments, plaintiff's counsel urged the jury to base its calculation of damages according to a per diem formula. However, because the defendant did not object during the plaintiff's closing argument or request a limiting instruction to the jury, the defendant cannot now complain the court failed to adequately control the per diem argument.

The court likewise rejects the defendant's contention the plaintiff's counsel improperly commented during closing arguments that the character of the defendant was at issue. Again, the defendant did not object to these comments, nor request a cautionary instruction to the jury. Additionally, the plaintiff's argument (Filing No. 120 p. 2) that the jury was instructed, in Jury Instruction No. 9, that all parties to the lawsuit are entitled to the same "fair and partial consideration, whether they are corporations or individuals" is persuasive. **See** Filing No. 109 p 9. The court finds the defendant's statement could not be clearly injurious when the jury was given this instruction. Furthermore, the defendant did not state why these comments were clearly injurious. "Statements made in closing arguments must be plainly unwarranted and clearly injurious to constitute reversible error." ***Vanskike***, 725 F. 2d at 1149. Moreover, counsel for the defendant had the opportunity to respond to any injurious statements in the defendant's closing argument. **See** *Scott v. James*, 902 F.2d 672, 674 (8th Cir.) (noting that counsel for the plaintiff could have responded in "rebuttal with a strong statement in defense of a system which does not close the courthouse doors to the impoverished"), **cert. denied**, 498 U.S. 873 (1990). For these reasons, this court finds prejudicial error did not result from per diem arguments or comments regarding the defendant's character made by the plaintiff's during closing argument.

**B.     Jury Instructions No. 20**

The defendant contends the court erred in submitting Jury Instruction No. 20, which failed to instruct the jury to reduce any future non-economic damage awards to present value. **See** Filing No. 117 p. 4. Jury Instruction No. 20 was jointly submitted from the MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT § 7.06C (2005).

"The standard for reviewing alleged errors in jury instructions is whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury. The form and language of jury instructions are committed to the sound discretion of the district court so long as the jury is correctly instructed on the substantive issues in the case." **Children's Broad. Corp. v. Walt Disney Co.**, 357 F.3d 860 (8th Cir. 2004) (quotation omitted). The court will grant a new trial on the basis of instructional error only if it finds the error affected the substantial rights of the parties or resulted in a miscarriage of justice. **See Gray v. Bicknell**, 86 F.3d 1472, 1480 (8th Cir. 1996).

Jury Instruction No. 20 states:

> If you find the plaintiff is reasonably certain to lose earnings in the future, then you must determine the present value in dollars of such future economic damages, since the award of future economic damages necessarily requires that payment be made now in one lump sum and the plaintiff will have the use of the money now for a loss that will not occur until some future date. You must decide what those future economic damages will be and then make a reasonable adjustment for the present value.

**See** Filing No. 109 p. 21.

The defendant contends the court should not have relied on **Flaningan v. Burlington Northern, Inc.**, 632 F. 2d 880, 885 (8th Cir. 1980), **cert. denied**, 450 U.S. 921 (1981), in which the Eighth Circuit ruled the jury should not be instructed to reduce damages for future pain and suffering to present value. **See** Filing No. 117 p. 4. The defendant argues courts that reduce *all* future damages have adopted a better rule by instructing the jury to reduce future non-economic damage, such as pain and suffering, to

present value.  **See** *Id*. p. 5.  The plaintiff contends that both the plaintiff's economic expert witness, Dr. Opp, and the defendant's economic expert witness, Dr. Pflaum, reduced to present value *only* the future economic losses.  **See** Filing No. 120 p. 4.  The plaintiff argues that if the defendant believed non-economic damages were to be reduced to present value, Dr. Pflaum should have addressed it.  **See** *Id*.  The plaintiff also questions why the defendant would object to the plaintiff's per diem argument in closing argument and simultaneously argue a "stream of non-economic losses in the future must be discounted to present value."  **See** Filing No. 120 p. 4.  The plaintiff questions how a jury would be able to discount present value compensation for non-economic damages other than by using some basis for determining  the non-economic damages (i.e. daily, monthly, yearly).  **See** *Id*.

> In an [sic] F.E.L.A. case "an utter failure to instruct the jury that present value is the proper measure of a damage award is error."  ***St. Louis Southwestern Ry. Co. v. Dickerson***, 470 U.S. 409, 412 (1985); ***Monessen Southwestern Ry. Co. v. Morgan***, 486 U.S. 330, 339-40 (1988).  If requested, such an instruction must be given.  However, "no single method for determining present value is mandated by federal law."  ***Dickerson***, 470 U.S. at 412.  **See also *Beanland v. Chicago, Rock Island & Pacific Railroad***, 480 F.2d 109, 114-15 (8th Cir. 1973); 3 Kevin F. O'Malley, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS:  Civil § 128.20 (5th ed. 2000).
> 
>   Only future economic damages are to be reduced to present value.  Past economic damages and future noneconomic damages are not to be reduced to present value.  **See *Chesapeake & Ohio R. Co. v. Kelly***, 241 U.S. 485, 489 (1916).

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT § 7.06C cmts. (2005).

The court finds Jury Instruction No. 20 accurately stated the law and no additional instruction was needed.  Additionally, the defendant stipulated to Jury Instruction No. 20 prior to trial.  **See** Filing No. 88.  Because the defendant did not object to this instruction or request a different instruction, the defendant cannot now claim the court erred.  **See *Roth v. Black & Decker, U.S., Inc***., 737 F.2d 779, 784 (8th Cir.1984).  Accordingly, the court

finds the instruction was not in error and did not affect the substantial rights of the parties or result in a miscarriage of justice.

C.  **Forseeability of Harm Instruction**

The defendant argues the court erred in its failure to submit to the jury the defendant's requested instruction regarding forseeability of harm. The defendant's proposed instruction read as follows:

> In determining whether the defendant in this case was negligent, it is important to understand that the defendant is under no obligation to lookout for the plaintiff's safety unless it was reasonably foreseeable to the defendant that a harmful situation existed or would result. This should include what the defendant knew or in the existence of ordinary care should have known.
> Foreseeability of harm is an essential ingredient of negligence under the Federal Employer's Liability Act.
> Whether harm is reasonably foreseeable is to be judged in light of all the facts and circumstances as they existed at and before the time of the claimed accident. The fact that it is now possibly [sic] to see some way to prevent the accident is irrelevant.

**See** Filing No. 117 p. 6-7. The defendant contends this instruction is supported by both the United States Supreme Court and Eighth Circuit case law. The defendant relies on ***Ackley v. Chicago & North Western Transportation Co.***, 820 F.2d 263 (8th Cir.1987) and ***Gallick v. Baltimore & Ohio R.R.***, 372 U.S. 108 (1963) for the proposition a FELA defendant's duty of care is defined by what is reasonably foreseeable. The defendant argues the above proposed jury instruction constituted an appropriate statement of the law and a proper explanation of the scope of a FELA defendant's duty of care. **See** Filing No. 117 p. 8. The plaintiff argues the defendant's above proposed jury instruction went "too far" in telling the jury what is "irrelevant." **See** Filing No. 120 p. 4. The plaintiff contends Jury Instruction Nos. 14 and 15 adequately address foreseeability in the FELA context.

Jury Instruction No. 14 states:

> The term "negligent" or "negligence" as used in these Jury Instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an

6

>ordinarily careful person would use under the same or similar circumstances. The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known and varies in proportion to the harm that person reasonably should foresee. In deciding whether a person was negligent or failed to use ordinary care you must consider what that person knew or should have known and the harm that should reasonably have been foreseen.

**See** Filing No. 109.

Jury Instruction No. 15 states:

>At the time and place in question, the defendant had a continuing duty as an employer at the time and place in question to use ordinary care under the circumstances in furnishing the plaintiff with a reasonably safe place in which to work. It was also the defendant's continuing duty to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.
>This does not mean the defendant is a guarantor or insurer of the safety of the place to work. The extent of the defendant's duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence.

**See** Filing No. 109.

In order to find a defendant railroad negligent under FELA, "the jury must find that the railroad either knew or should have known of the condition or circumstance which is alleged to have caused the employee's injury or death. This is referred to as the notice requirement. **See *Siegrist v. Delaware, Lackawanna & Western R. Co.***, 263 F.2d 616, 619 (2d Cir. 1959) (referring to the "doctrine of notice")." MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT § 7.11 cmts. (2005).

>Closely related to the notice requirement is the "essential ingredient" of reasonable foreseeability of harm. ***Gallick v. Baltimore & Ohio Railway Company***, 372 U.S. 108, 117 (1963). Given the actual or constructive notice of the condition or circumstance alleged to have caused injury, "the defendant's duty is measured by what a reasonably prudent person should or could have reasonably anticipated as occurring under like circumstances." ***Davis v. Burlington Northern, Inc.***, 541 F.2d 182, 185 (8th Cir. 1976). Thus, "the ultimate question of fact

7

> is whether the railroad exercised reasonable care" and this involves "the question whether the railroad had notice of any danger." **Bridger v. Union Railway Company**, 355 F.2d 382, 389 (6th Cir. 1966).

*Id.*

Jury Instruction No. 14 was jointly submitted by the parties from the MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT § 7.11. **See** Filing No. 88. The language used in Jury Instruction No. 14 "instructs the jury on notice and reasonable foreseeability of harm. **See Tiller v. Atlantic Coast Line R. Co.**, 318 U.S. 54, 67 (1943); **Chicago & North Western Railway Company v. Rieger**, 326 F.2d 329, 335 (8th Cir. 1964); W. Mathes, **Jury Instructions and Forms for Federal Civil Cases**, 28 F.R.D. 401, 495 (1962)." MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT § 7.11 cmts. (2005).

Accordingly, the court finds the omission of the defendant's proposed instruction was not in error. Additionally, the court finds Jury Instruction Nos. 14 and 15 accurately state the law and provide an appropriate explanation of the scope of a FELA defendant's duty of care according to the United States Supreme Court and the Eighth Circuit.

### D.    Jury Instruction No. 12

The defendant argues the court erred in its submission to the jury of Jury Instruction No. 12. **See** Filing No. 117 p. 8. Jury Instruction No. 12 states:

> For purposes of this action, damage is said to be caused or contributed by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage.

**See** Filing No. 109 p. 13. The defendant contends the specific error in Jury Instruction No. 12 was the inclusion of the language "no matter how small." **See** Filing No. 117 p. 8. The defendant argues the appropriate language for a jury instruction on causation may be found in 45 U.S.C. § 51, FELA, which states:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in

8

> part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 *et seq.* The plaintiff argues the "test of causation under FELA is whether the railroad's negligence played any part, however small, in the injury which is the subject of the suit." **Fletcher v. Union Pacific Railroad Co.**, 621 F. 2d 902 (8th Cir. 1981) (Filing No. 120 p. 5). The plaintiff also states "[i]t is well established that, under FELA, a case must go to a jury if there is any probative evidence to support a finding of even the slightest negligence on part of the employer." **Rogers v. Missouri Pacific Railroad Co.**, 352 U.S. 500 (1957) (Filing No. 120 p. 5-6). The court considered "the in whole or in part " language in the FELA statute and the "no matter how small language" supported by the Eighth Circuit in **Fletcher** and by the United States Supreme Court in **Rogers**. Thus, the court instructed the jury in Jury Instruction No. 10 with "the whole or in part" language. Jury Instruction No. 10 states:

> Section 1 of the Federal Employers' Liability Act (45 U.S.C. § 51) under which the plaintiff claims the right to recover damages in this action, provides in part that:
>> Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting **in whole or in part** from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment . . .
>
> It is agreed that, at the time and place alleged by the plaintiff, the defendant was a common carrier by railroad, engaged in interstate commerce; the plaintiff was then an employee of the defendant, engaged in such commerce; and that the plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

**See** Filing No. 109 p. 11 (emphasis added).  The court also instructed the jury on the same language in Jury Instruction Nos. 11, 13 and 17.  **See** Filing No. 109 pgs. 12,14, and 18.

> Even assuming, *arguendo*, that the instruction as given misstated the law, "[t]he question, once a misstatement has been made, is whether the error was so egregious, considering the instructions as a whole, as to require the verdict to be set aside." ***Jamesbury Corp. v. Litton Industrial Products, Inc.***, 756 F.2d 1556, 1560 (Fed. Cir. 1985) (emphasis added). Elsewhere in the instructions, the "in whole or in part" language in the FELA is quoted directly, and at another point the amount of negligence needed for a defendant to be liable is specifically addressed.  We conclude, therefore, that the instructions as a whole stated the law correctly, and any error in the instructions did not rise to the level necessary to set the verdict aside.

***Naylor v. St. Louis Ry. Co.***, 847 F. 2d 1305, 1306-1307 (8th Cir. 1988).  Accordingly, the court finds the instructions as a whole stated the law correctly and the defendant failed to demonstrate any harm.

**E.    Quotient Verdict Instruction**

The defendant argues the court erred in its failure to submit to the jury the defendant's requested instruction regarding a quotient verdict.  The defendant's proposed jury instruction states:

> The law forbids you to return a verdict determined by chance. You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict.  A verdict determined by chance is invalid.

**See** Filing No. 87 p. 25.

The defendant contends the:

> quotient verdict is frowned upon because it betrays a complete absence of jury *deliberation* on the matter of an injured party's compensation. But it must be shown, for example, that the jury agreed in advance to be bound by the result of its arithmetic." ***Nat'l R. Passenger Corp. v. Two Parcels of Land***, 822 F.2d 1261,1268 (2d Cir. 1987) (**citing** ***Myra Found. v. United States***, 267 F.2d 612, 617 (8th Cir. 1959)).  In ***Myra***, the Eighth

> Circuit noted disapprovingly that "quotient verdicts are in the nature of 'gambling verdicts.'" ***Myra Found. v. United States***, 267 F.2d 612, 617 (8th Cir. 1959).

**See** Filing No. 117 p. 9.  The plaintiff argues the there is no way of knowing whether or not the jury arrived at a quotient verdict.  **See** Filing No. 120 p. 6.  The plaintiff argues no evidence has been shown, nor can be shown, the jury agreed in advance to be bound by the result of its arithmetic.  **See** *Id*.  "No request was made for any further instruction on the question and it being now conceded in appellant's brief that the instruction as given was correct, it was not incumbent upon the court to point out in what manner a quotient verdict might be permitted to stand."  ***Myra***, 267 F. 2d 617.  Accordingly, the court fails to see how the omission of defendant's instruction on a quotient verdict resulted in any harm.

**F.     Motion in Limine**

The defendant argues the court's decision to overrule the defendant's motion in limine and allow evidence of subsequent remedial measures constituted prejudicial error.  **See** Filing No. 117 p. 10.  On August 1, 2007, the court entered an order on the parties' motions *in limine*.  **See** Filing No. 90.  The court denied without prejudice the defendant's motion to preclude any evidence of modifications to the defendant's procedure for stacking concrete ties after the plaintiff's injury.  The defendant sought to preclude the plaintiff from offering evidence of modifications to the defendant's procedure for stacking concrete ties after the plaintiff's injury.  The evidence showed the plaintiff used dunnage before the plaintiff's injury, but not on the occasion of the plaintiff's injury.  However, after the plaintiff's injury the defendant may have made the practice mandatory.  The court reasoned the evidence of the customs or practices at the time of, or prior to, the plaintiff's injury would be relevant.  *Id*.  However, any evidence the defendant changed its policy or practices as a result of the plaintiff's injury would be unduly prejudicial.  The court ruled it would entertain objections on the topic at trial.  *Id*.

The plaintiff argues the testimony of the plaintiff's supervisor, Mr. Sherman, showed dunnage was supposed to be put in the stack of ties.  **See** Filing No. 120 p. 6.  Additionally, the rule before the date of the plaintiff's injury was that the concrete ties were to be stacked with dunnage.  **See** *Id*.  The plaintiff also argues the fact that Union Pacific employees may

not have known of this rule and only implemented it after the plaintiff's injury, does not make it a subsequent remedial measure.  **See *Id*.**

The court finds the plaintiff's argument persuasive and finds the defendant had the opportunity to object to any evidence on this subject at trial.  Thus, the court fails to see how prejudicial error resulted as a result of its ruling on the defendant's motion *in limine*. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion For a New Trial (Filing No. 116) is denied.

DATED this 9th day of October, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge